**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SARDOR ILGORJON UGLI TUKHTAEV**<br>**Petitioner,**<br><br>**v.**<br><br>**J.L. JAMISON, et al.**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-CV-1969** |

## O R D E R

**AND NOW**, this 31st day of March, 2026, upon consideration Petitioner Tukhtaev's

Petition for Writ of Habeas Corpus (ECF No. 1, 7), the Government's Response in Opposition

(ECF No. 6), and Tukhtaev's Motion for Temporary Restraining Order (ECF No. 2), **IT IS**

**HEREBY ORDERED** as follows:

1.  Tukhtaev's Petition is **GRANTED**;[1]

2.  The Government shall **RELEASE** Tukhtaev from custody immediately and certify

    compliance with the Court's Order by filing an entry on the docket no later than **12:00**

    **p.m. ET on April 2, 2026**;

3.  The Government is temporarily enjoined from re-detaining Tukhtaev for seven days

    following his release from custody;

4.  If the Government chooses to pursue re-detention of Tukhtaev after that seven-day

    period, it must first provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a);

5.  Pending the ordered bond hearing, the Government **SHALL NOT** remove, transfer, or

    otherwise facilitate the removal of Tukhtaev from the Commonwealth of Pennsylvania.

    If the Immigration Judge determines that Tukhtaev is subject to detention under 8 U.S.C.

    § 1226(a), the Government may request permission of the Court to move him.  If

    unforeseen or emergency circumstances arise that require Tukhtaev to be removed, any

such request must include an explanation for the request as well as a proposed destination; and

6. Tukhtaev's Motion for Temporary Restraining Order is **DENIED AS MOOT**.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

---

[1] Sardor Ilgorjon Ugli Tukhtaev is a citizen of Uzbekistan who has lived in the United States since September 2023, when he entered the country without inspection. He appeared before immigration authorities and was placed in removal proceedings but was released on his own recognizance. Thereafter, Tukhtaev filed an application for asylum, which remains pending, but received employment authorization in July 2024. Tukhtaev was then arrested and detained by ICE on or about March 25, 2026.

In similar cases, where the parties made nearly identical arguments, this Court held that detaining individuals in Tukhtaev's position without a bond hearing violates the Immigration and Nationality Act ("INA"), 18 U.S.C. § 1101 *et seq. See Rio Porras v. O'Neill*, 2025 WL 3708900 at *2-3 (E.D. Pa. Dec. 22, 2025) (citing *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Karashnov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); and *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025)). Likewise, the Court has previously rejected the Government's argument that noncitizens like Tukhtaev are persons "seeking admission" who are subject to § 1225(b)(2)'s mandatory detention provision. *See Peixoto v. Jamison*, 2:26-cv-00967, Dkt. No. 5, n.i (E.D. Pa. Feb. 20, 2026); *Castaneda Salinas v. Jamison, et al.*, No. 26-cv-1345, Dkt. 7, n.i (E.D. Pa. Mar. 5, 2026). The same reasoning applies here.

Accordingly, the Government lacks a legal basis for detaining Tukhtaev pending resolution of removal proceedings. Because relief is warranted on Tukhtaev's INA claim, it is unnecessary to reach his alternative grounds for relief.